

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

*271 Cadman Plaza East
Brooklyn, New York 11201*

February 14, 2012

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: <u>United States v. Richard Dacunto,
        Cr. No. 06-839 (DLI)</u>

Dear Judge Irizarry:

    The government respectfully submits this letter in response to the defendant's letter seeking early termination of his probationary term, which is currently scheduled to end July 27, 2012. For the reasons stated below, the government opposes his motion.

    By way of background, the defendant pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, for his role in a scheme to defraud Ray Catena Motor Car Corporation and Mercedes-Benz Financial by falsifying the employment information of a car loan applicant to state falsely that the applicant worked as an administrative manager at the defendant's construction company. (Pre-Sentence Investigation Report ¶¶ 1, 3-5, 11). On July 28, 2009, the Honorable David G. Trager sentenced the defendant to three years' probation.

    Section 3564(c) authorizes a court to terminate a supervision term early if it is satisfied "that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Early termination, however, is not warranted solely because the defendant has complied with the terms of his release. Rather, it may be justified "[o]ccasionally," when the defendant can show

> changed circumstances - for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as

>conditions - [that] will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)(considering motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)); United States v. Gross, Cr. 05-0717(ADS), 2012 WL 259923, at *2 (E.D.N.Y. Jan. 27, 2012)(denying motion for early termination because defendant failed to present facts that demonstrate "exceptionally good behavior" or viable reason for termination); United States v. Jian Jing Qu, Cr. 06-758(ADS), 2011 WL 5121132, at *1-2 (E.D.N.Y. Oct. 26, 2011)(same); United States v. Gerritson, No. 01 CR 1081 (JCF), 2004 WL 2754821 (S.D.N.Y. 2004)(applying Lussier to motion for early termination of probation term by analogy); United States v. Herrera, No. 94 Cr. 1021 (RWS), 1998 WL 684471 (S.D.N.Y. 1998)(same).

The defendant has not alleged any change in his circumstances that would justify an early termination of his supervised release term. Instead, he has represented only that he has complied with the conditions of his supervision and that he promptly paid the $2,000 fine assessed at sentencing. Nor does his history on supervision indicate exceptionally good behavior or changed circumstance warranting early termination. I have spoken with Probation Officer Ronald Lacoy, in the Northern District of New York, who has supervised the defendant for the last year. Officer Lacoy advised me that the defendant, although initially behind on making payments to satisfy his fine, has now fully paid his fine and is compliant with the standard conditions of his release. The defendant is currently required to report to Probation only once every three months. Officer Lacoy explained that although it is difficult to monitor the defendant's compliance with the special condition of release that he not associate with any individual with an affiliation to any organized crime group, gang or criminal enterprise, he has no evidence that the defendant has violated that condition. Officer Lacoy further stated that the defendant provided no reason why he seeks early termination of his probation.

Compliance with the terms of supervision does not justify early termination, as the defendant has done nothing more than what the Court required of him. Gerritson, 2004 WL 2754821, at *3, citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998); Gross, 2012 WL 259923, at *2; Jian Jing Qu, 2011 WL 5121132, at *1-2; Herrera, 1998 WL 684471 at *2. To hold otherwise would be

impractical, to say the least. Many, if not most, defendants complete their terms of probation or supervised release without a violation. Permitting compliance with the terms of supervised release to justify early termination would encourage a flood of early termination motions and would create an exception that would swallow the rule that judgments should remain final absent an extraordinary change of circumstances. <u>Medina</u>, 17 F. Supp. 2d at 247 (an "apparently unblemished" record "alone cannot be a sufficient reason to terminate [probation] since, if it were, the exception would swallow the rule").

The defendant offers no changed circumstances or compelling reason why his three-year supervised release term is now so unjust as to warrant its early termination. Accordingly, the government respectfully submits that the motion should be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

<u>/s/ Amy Busa</u>
By: Amy Busa
Assistant U.S. Attorney
(718) 254-6274

cc: Clerk of Court (DLI) (by ecf)
    Ronald Russo, Esq. (by ecf)
    U.S. Probation Officer Eric Scherdel (by email)