MEMORANDUM
TO THE HONORABLE DORA L. IRIZARRY
United States District Judge

RE: DACUNTO, Richard
DKT.#: ~~03-CR-1198~~ 06-CR-839
<u>RECOMMENDATION FOR
EARLY TERMINATION</u>

The above-referenced offender was sentenced on July 28, 2009, by the Honorable David G. Trager, to 3 years probation with the following special conditions: (1) the defendant shall pay a fine in the amount of $2,000; (2) the defendant shall not associate with co defendants or members of organized crime as listed by the probation Department. The defendant was also ordered to pay a $100 special assessment fee. This sentence followed his guilty plea to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. 1349 and 1343, a class C felony.

Due to Judge Trager's passing since sentencing, coupled with the offender's recent motion for early termination, the offender's case was reassigned to Your Honor on February 2, 2012.

The offender originally commenced supervision in the Eastern District of New York on July 28, 2009, however supervision was transferred to the Northern District of New York (NDNY) on March 31, 2010. Transfer of supervision to the NDNY was initiated because the offender requested to relocate to establish a stable lifestyle for his family and seek better employment opportunities within the NDNY. The offender has resided within the NDNY since and is currently supervised by United States Probation Officer Ronald LaCoy. According to Officer LaCoy, the offender has satisfied all the conditions of his probation. In further review of the offender's conditions, the undersigned officer confirmed through the U.S. Attorney's office Financial Litigation Unit, the offender had satisfied all financial obligations as of June 1, 2011.

This memorandum is written in response to the offender's request for early termination from probation based upon his compliance with all the conditions of probation and directives of his probation officer. Notably, U.S.P.O. LaCoy has indicated to the undersigned officer that he has no objections to the offender being granted early termination based on his satisfactory adjustment to supervision. The offender is due to terminate from probation of July 27, 2012.

Pursuant to 18 U.S.C. § 3564(c), the district court has discretionary authority to terminate a term of probation at any time after the expiration of one-year of said probation if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Further, in order to qualify for early termination, an offender must demonstrate changed circumstances or exceptionally good behavior. Early termination is not warranted as a matter of course. <u>U.S. v. Lussier</u>, 104 F.3d 32, 36 (2d Cir. 1997); <u>U.S. v. Scheckly</u>, 129

Re: DACUNTO, Richard
Page Two

F.3d 114 (2d Cir. 1997); U.S. v. Medina, 17 F. Supp. 2d . 245, 247 (S.D.N.Y. 1998)  ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate supervision since, if it were, the exception would swallow the rule."). While the Second Circuit did not detail what it meant by "exceptionally good" behavior, presumably it requires the defendant to do something more than was required by the conditions of supervision.  Moreover, in United States v. McKay, 352 F..Supp.2d 359 (E.D.N.Y. 2005), The Honorable Arthur D. Spatt denied a releasee's motion for early termination, ruling that although his actions were commendable, they are expected from a person on supervision and did not constitute exceptional behavior. Id. at 361.  Thus, merely doing what you are supposed to do is not "exceptional behavior" which would warrant early termination.

Although the offender has satisfied the special conditions and is compliant with all conditions of supervision, as noted in U.S. v Lussier, 104 F.3d 32,36 (2d Cir.1997); U.S. v Scheckly, 129 F. 3d (2d Cir. 1997); and U.S. v Medina, 17 F. Supp. 2d 245, 247 (SDNY 1998), the Second Circuit stated that a defendant simply having a good record of compliance with supervision is not enough to grant early termination from supervision.  Instead, a defendant's behavior must be "exceptionally good" to warrant the benefit of early termination.  As such, the Probation Department is respectfully recommending that the offender's request for early termination be denied.

We respectfully await the Court's decision regarding early termination of probation.  Please indicate the Court's wishes below.

                                     RESPECTFULLY SUBMITTED:
                                     EILEEN KELLY
                                     CHIEF U.S. PROBATION OFFICER

PREPARED BY: _____
                           Eric Scherdel
                           U.S. Probation Officer

APPROVED BY: _____
                           Jill D. Williams
                           Supervising U.S. Probation Officer

February 14, 2012

**Re: DACUNTO, Richard**
**Page Three**

The Court directs the following:

Early Termination of
Probation is Denied, as Recommended
by the Probation Department                    _____
                                               U.S. District Judge


Early Termination Approved                     _____
                                               U.S. District Judge


Other:                                         _____
                                               U.S. District Judge